# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**515**

**CA 12-02092**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

BUFFALO UNITED CHARTER SCHOOL, BROOKLYN
EXCELSIOR CHARTER SCHOOL AND NATIONAL
HERITAGE ACADEMIES, INC.,
PETITIONERS-APPELLANTS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS
BOARD, COUNCIL OF SCHOOL SUPERVISORS AND
ADMINISTRATORS, LOCAL 1, AFSA,
RESPONDENTS-RESPONDENTS-APPELLANTS,
AND BUFFALO UNITED CHARTER SCHOOL EDUCATION
ASSOCIATION, NYSUT/AFT, AFL-CIO NEW YORK,
RESPONDENT-RESPONDENT.

---

HISCOCK & BARCLAY, LLP, BUFFALO (LAURENCE B. OPPENHEIMER OF COUNSEL),
AND WHITEMAN OSTERMAN & HANNA LLP, ALBANY, FOR
PETITIONERS-APPELLANTS-RESPONDENTS.

DAVID P. QUINN, ALBANY, FOR RESPONDENT-RESPONDENT-APPELLANT NEW YORK
STATE PUBLIC EMPLOYMENT RELATIONS BOARD.

DAVID N. GRANDWETTER, NEW YORK CITY, FOR
RESPONDENT-RESPONDENT-APPELLANT COUNCIL OF SCHOOL SUPERVISORS AND
ADMINISTRATORS, LOCAL 1, AFSA.

RICHARD E. CASAGRANDE, LATHAM (JENNIFER N. COFFEY OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

DAVID J. STROM, GENERAL COUNSEL, WASHINGTON, D.C., OF THE WASHINGTON,
D.C. BAR, ADMITTED PRO HAC VICE, FOR AMERICAN FEDERATION OF TEACHERS,
AFL-CIO, AND PHILIP A. HOSTAK, FOR NATIONAL EDUCATION ASSOCIATION,
AMICI CURIAE.

---

Appeal and cross appeals from a judgment (denominated order and judgment) of the Supreme Court, Erie County (John M. Curran, J.), entered July 11, 2012 in a proceeding pursuant to CPLR article 78. The judgment denied the petition in part.

It is hereby ORDERED that the case is held and the decision is reserved in accordance with the following Memorandum:  In this proceeding pursuant to CPLR article 78, petitioners appeal, and respondents New York State Public Employment Relations Board (PERB) and Council of School Supervisors and Administrators, Local 1, AFSA,

cross-appeal from a judgment determining, inter alia, that PERB properly exercised jurisdiction over two collective bargaining matters. We agree with petitioners, however, that Supreme Court erred in determining that PERB properly exercised jurisdiction over those matters. Inasmuch as the two collective bargaining matters "arguably" fall within the scope of the National Labor Relations Act (NLRA) (*San Diego Bldg. Trades Council, Millmen's Local 2020 v Garmon*, 359 US 236, 245; *see e.g. Chicago Mathematics & Science Academy Charter School, Inc.*, 359 NLRB 41; *Charter School Admin. Servs.*, 353 NLRB 394), the National Labor Relations Board (NLRB) has primary jurisdiction "to determine in the first instance" whether its jurisdiction preempts PERB's jurisdiction (*Metropolitan Life Ins. Co. v Massachusetts*, 471 US 724, 748). Under the circumstances of this case, and in the interest of judicial economy, we hold the case pending a determination of the NLRB whether the NLRA applies to the collective bargaining matters herein at issue and thus preempts PERB's jurisdiction (*see generally New York Inst. for Educ. of Blind v United Fedn. of Teachers' Comm. for N.Y. Inst. for Educ. of Blind*, 83 AD2d 390, 397-398, *affd* 57 NY2d 982).

Entered: June 7, 2013

Frances E. Cafarell
Clerk of the Court